## PETER W. CRABTREE *v.* ROBERT E. COYLE
### (7027)

DUPONT, C. J., FOTI and JACOBSON, Js.

Submitted on briefs April 13—decision released June 22, 1989

*Bruce L. Levin* filed a brief for the appellant (plaintiff).

*Stephen W. Studer* and *Warren N. Chapman* filed a brief for the appellee (defendant).

FOTI, J. The plaintiff, the acting zoning enforcement officer of the town of Milford, initiated this action pursuant to General Statutes § 8-12[1] seeking a permanent

---

[1] The plaintiff instituted this action for injunctive relief pursuant to General Statutes § 8-12. This section provides local zoning enforcement officers with a means to enforce local zoning laws. The statute specifically grants the zoning enforcement officer the power to sue for injunctive relief

injunction to restrain the defendant property owner from continuing to deposit certain debris near a designated wetlands area and to force the defendant to remove the debris already deposited. After a trial, the court rendered judgment for the plaintiff in part. The court enjoined the defendant from depositing any further fill within twenty-five feet of the wetlands, but refused to order the defendant to abate the violation. The plaintiff claims that the trial court erred in denying him complete injunctive relief. We find no error.

After a trial and an inspection of the defendant's property, the trial court found the following facts. The defendant has owned a parcel of property in Milford since 1955. His residence is located on a portion of that property, which is contiguous to the portion on which the landfill is located. The portion of the property supporting the defendant's residence is level; it then drops off for approximately twenty-five feet to create a forty-five degree slope. At the bottom of the slope the land is level. The watercourse, a brook, is located on this lower level. For several years, the defendant has deposited, with the town's knowledge, fill and debris, including broken asphalt, concrete, used tires and other substances not readily identifiable, on the slope. Over the past decade, the plaintiff has been in contact with the defendant and has advised him that the Milford zoning regulations require a permit to fill land within twenty-five feet of a designated wetlands area.

In June, 1986, a city official conducted an inspection of the defendant's property. The inspection revealed that the defendant was depositing fill within twenty-five feet of a designated wetlands area in violation of

as well as to impose monetary fines and to enforce its rules by instituting a suit to enjoin a party from violations of zoning laws. *Planning & Zoning Commission* v. *Campanelli,* 9 Conn. App. 534, 536, 520 A.2d 242 (1987).

the town's zoning regulations.[2] The defendant admitted that he filled the area in question and did not obtain a permit. On June 18, 1986, the plaintiff notified the defendant that the landfill was a violation of the town zoning laws and ordered him to contact the city planner within three business days. The defendant failed to correct the violations and the plaintiff brought the present action for injunctive relief.

The trial court granted the plaintiff's request for a permanent injunction to enjoin the defendant from continuing to deposit debris within twenty feet of the wetlands area. With respect to the plaintiff's request that the defendant be required to abate the violation, however, the trial court found that the plaintiff had presented no evidence to prove the date when the defendant began filling the area, nor did he establish where, or to what point on the land, the defendant had filled. The trial court reasoned that, absent such evidence, any order related to abating the violation would be unenforceable because it could neither determine the effective dates of the statutes and ordinances upon which the plaintiff relied nor determine the point at which removal of the fill would begin and end.

---

[2] The Milford zoning regulations that the defendant was charged with having violated are as follows:

"4.1.15.1 Waterbodies and Watercourses Unless and until the Planning and Zoning Board has previously approved a Site Plan and authorized the issuance of a Special Permit in accordance with Article VII, herein:

"4.1.15.2 No land, building, structure or use shall be developed, constructed, or occupied below the regulatory flood protection elevation, except in accordance with the Flood Hazard Regulations, Section 5-6, herein.

"4.1.15.4 No structure of any type nor the perfomance of any type of work incidental thereto shall be permitted on the water side of the seasonal high water level, mean high watermark or legally established boundary of any waterbody, watercourse, wetland or flood hazard area (natural or man-made and named or unnamed); and further provided that: . . . .

"(2) No watercourse or open drainage ditch shall be walled up, filled in, narrowed down, altered, or otherwise obstructed, except for necessary clearing of debris, unless a favorable report from the city Engineer is first received by the Planning & Zoning Board."

Although the plaintiff recognizes that the trial court's decision to grant or deny an injunction to enforce zoning regulations is discretionary and will not be revised absent a clear abuse of discretion; *Johnson* v. *Murzyn,* 1 Conn. App. 176, 183, 469 A.2d 1227, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984); he argues that this case presents a situation in which " 'the only reasonable conclusion is that the plaintiff is, in equity, entitled to an injunction.' *Dimmock* v. *New London,* 157 Conn. 9, 19, 245 A.2d 569 (1968); *Hammerberg* v. *Leinert,* [132 Conn. 596, 604, 46 A.2d 460 (1946)]." *Johnson* v. *Murzyn,* supra. We disagree.

A decision to grant or deny an injunction must be compatible with the equities in the case which include "the gravity and wilfulness of the violation, as well as the potential harm to the defendants." Id. Our review is limited to whether the trial court abused its discretion. See *Emhart Industries Inc.* v. *Amalgamated Local Union 376 UAW,* 190 Conn. 371, 406, 461 A.2d 422 (1983). The trial court's memorandum clearly indicated that it undertook a process of weighing the equities in this case. We have examined the record and the plaintiff's claims and conclude that the trial court's decision not to order the defendant to abate the violation was within its discretionary authority.

The record reveals that over the past decade the parties have been in contact with one another and the plaintiff was aware of the defendant's activities on his property. According to the defendant, persons other than the defendant were permitted to fill the area. There was no evidence presented by the plaintiff as to when the defendant began depositing debris on the slope or at what point on the property the fill attributable to the defendant began and ended. The plaintiff's expert testified that the debris was placed within twenty-five feet of a wetlands area, but could not state how long the fill had been there.

On the basis of this record, it was not unreasonable for the court to deny the plaintiff's request for abatement of the violation when it could not determine the length and extent of the violation. In addition, under these circumstances, the trial court could reasonably have found that it would be unfair and unduly burdensome to require the defendant to move the fill. The trial court, having conducted an inspection of the premises, was in the best position to assess the extent of the violation and the effect of an abatement order on the defendant. Finally, there was no evidence presented at the hearing that the defendant's conduct was wilful. In fact, the record discloses that upon receiving the cease and desist order the defendant promptly refrained from further activity on the slope.

On this record, we cannot say that the trial court's assessment of the equities in this case was clearly erroneous. "At the trial, it was the plaintiff's burden to prove its entitlement to equitable relief. On appeal, it was the plaintiff's burden to establish so manifest an infringement of its statutory or constitutional rights as to demonstrate an abuse of the trial court's discretion in its denial of the plaintiff's request for a permanent injunction." *Gorra Realty* v. *Jetmore*, 200 Conn. 151, 165, 510 A.2d 440 (1986). The plaintiff has failed to do so.

There is no error.

In this opinion the other judges concurred.