[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (No. 108)
The plaintiff, Justin Gillen, Zoning Enforcement Officer for the Town of Branford, is bringing a one count revised complaint dated June 6, 1990, against the defendants, Rita and Ivan Sachs. According to the complaint, defendant Rita Sachs is allegedly the owner of a parcel of property situated at North Main Street in Branford and defendant Ivan Sachs conducts a business on the premises under the name of Cherry Hill Construction. The plaintiff, allegedly in accordance with Connecticut General Statutes 8-12, is empowered through Section 3 of the Branford Zoning Regulations to restrain, correct or abate violations.
The plaintiff contends that on December 3, 1956, the Town of Branford adopted various building and zoning regulations which restrict the carrying on of certain trades, industries or businesses in certain areas of town. Defendants' property is located in a BL business district as defined in the Branford Zoning Regulations Section 23.10 and Schedules A and B. Allegedly in violation of the zoning regulations for a BL business district, defendants are performing excavation which is prohibited absent a special use permit; are using the property for a building contractor's business, a storage yard, or other junkyard prohibited by specified zoning regulations; and are occupying a trailer as a dwelling, operating a sand/gravel operation and a trash carting business in violation of specified CT Page 760 zoning regulations.
According to the plaintiff, the defendants have willfully and wantonly failed to obey plaintiff's cease and desist order. The plaintiff contends that by this failure to obey, defendants are violating zoning ordinances, imposing a nuisance on adjoining property owners, and impairing property values. The plaintiff seeks an injunction; attorney fees and court costs pursuant to Connecticut General Statutes 8-12; a daily fine; a civil penalty of $500; an order allowing the Town of Branford to remove offending objects with costs to defendant; and other applicable legal or equitable relief.
Pursuant to Connecticut Practice Book 152, the defendants are moving to strike the complaint on the grounds of legal insufficiency in that the allegations of "willful and wanton" use of the property are mere legal conclusions unsubstantiated by specific facts. The defendants have filed a memorandum in support of the motion and the plaintiff has filed a memorandum in opposition.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded. Id. The motion admits facts only and it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37 (1987). In deciding whether to grant or deny the motion, the trial court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278 (1988). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman, supra, 142.
In the memorandum of law in support of the motion to strike, the defendants contend that facts are not sufficiently alleged to give the defendants fair notice of the plaintiff's claim. According to the defendants, the complaint fails to give defendants any fair appraisal of the facts which are indicative of actions taken with the alleged mental state of "willful and wanton." In the plaintiff's memorandum of law in opposition to defendants' motion, the plaintiff argues that substantial factual allegations have been set forth to assert a claim pursuant to Connecticut General Statutes 8-12.
Connecticut General Statutes 8-12 authorizes a zoning enforcement officer to order in writing the remedy of any condition found to exist in violation of the zoning regulations. Planning Zoning Commission v. Desrosier, is Conn. App. 550, 559 (1988). "Section 8-12 empowers officers to seek relief, that is, CT Page 761 to take overt action in order to compel compliance with the zoning laws. The officers can act on their own initiative, and do not act merely in response to an appeal or request." Planning Zoning Commission v. Campanelli, 9 Conn. App. 534, 537 (1987). The statute specifically allows the zoning enforcement officer to sue for injunctive relief as well as for monetary fines. Id. at 536. If the violation is willful, the court can impose higher fines and "shall allow such municipality its costs, together with reasonable attorney's fees." Connecticut General Statutes 8-12.
The trial court's decision to deny or grant an injunction to enforce zoning regulations is discretionary. Crabtree v. Coyle, 19 Conn. App. 208, 211 (1989). Moreover, the decision must be compatible with the equities in the case which include balancing the gravity and willfulness of the violation against the potential harm to the defendants. Id. In Crabtree, the court found that there was no evidence presented at the hearing that the defendant's conduct was willful as the defendant promptly refrained from further activity upon receiving the cease and desist order. Id. at 212.
What constitutes willful misconduct is a question of fact. Desrosier, supra, 560. In Desrosier, although the trial court might have found from the evidence that the defendant's conduct was openly defiant, the court concluded that the violation was not willful but resulted from poor judgment on the part of the defendants.
"Where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance, but says nothing about the injury caused, the municipality is not required to show irreparable harm or unavailability of an adequate remedy at law before obtaining an injunction; rather all that must be shown is a violation of the ordinance." Greenwich v. Kristoff, 2 Conn. App. 515, 521
(1984). See also, Conservation Commission v. Price, 193 Conn. 414,429 (1984).
According to Connecticut Practice Book 109, the complaint should fairly apprise the adverse party of the state of facts. "The rules of pleading are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." Pero Building Co. v. Smith, 16 Conn. App. 71, 74 (1988).
Construing the complaint most favorably to the plaintiff by alleging that the plaintiff is empowered to restrain, correct and abate violations in accordance with Connecticut General Statutes 8-12; that the defendants own property in a BL business district; that the defendants are performing certain acts CT Page 762 enumerated in the complaint in violation of stated Branford Zoning Regulations; that defendants have been notified in writing that they are in violation; and that defendants have wilfully and wantonly failed to obey the cease and desist order, the plaintiff has sufficiently stated facts to apprise the defendants of a claim pursuant to Connecticut General Statutes 8-12. Therefore, the defendants' motion to strike the complaint is denied.
DONALD T. DORSEY, JUDGE