## Debra M. Fisette *v.* Rudolph A. DiPietro
### (10831)

Norcott, Landau and Heiman, Js.

Argued May 11—decision released July 28, 1992

*Edward W. Case,* with whom was *Joseph Adinolfi, Jr.,* for the appellant (defendant).

*Daniel H. Kennedy, Jr.,* for the appellee (plaintiff).

NORCOTT, J. The defendant property owner appeals from the judgment of the trial court denying his requests to dissolve a temporary injunction and to stay a contempt order, and, instead, issuing a permanent injunction barring the outdoor storage of certain items and requiring the removal of a parking lot at his premises.

The defendant claims that the trial court improperly determined that (1) he was not deprived of his fourteenth amendment right to due process when the town published notice in a local newspaper of a proposed zoning change affecting his property, (2) the newspaper that published the notice had substantial circulation as required by statute, (3) the town did not waive the requirements of its zoning regulations regarding outdoor storage prior to 1988, (4) a state highway known as Route 3, or Cromwell Avenue, is a street within the meaning of the zoning regulations, and (5) the regulations required that he remove all boats and other items from behind the property's building line unless they are covered or screened from the street. We affirm the judgment of the trial court.

The trial court found the following facts. The plaintiff is the zoning enforcement officer of the town of Rocky Hill. In an amended complaint dated September 14, 1990, the plaintiff brought suit against the defendant, seeking, inter alia, injunctive relief prohibiting violations of §§ 3.47 and 9.42 (c) of the town zoning regulations.[1]

---

[1] Section 3.47 of the Rocky Hill zoning regulations provides: "Display of storage materials—In all zones, the display, exhibition or storage of merchandise, materials or articles for sale in the required front yard shall be prohibited and the storage of such materials behind the building line shall be covered or screened from the street."

Section 9.42 (c) of the Rocky Hill zoning regulations provides: "Required Submission . . . The submission of a site plan in accordance with those regulations shall also be required whenever any of the following conditions exist:

\* \* \*

"C. A change in use of the existing building and or land use . . . shall reduce or modify . . . parking layout."

Since 1977, the defendant has owned land and buildings fronting Cromwell Avenue in Rocky Hill, where he has operated a business involved in the repair and sale of engines, engine parts and boats. In 1984, the defendant submitted a site plan and application for a building permit to the planning and zoning commission in order to expand his operation. Although an inspection by town officials determined that some boats were temporarily stored outdoors, the commission approved the site plan without issuing any ruling as to whether the outdoor storage was in violation of then existing regulations.

In 1988, the defendant filed another site plan application. Shortly thereafter, in February, 1989, an inspection disclosed wood pallets, miscellaneous materials and fifty to sixty boats outside the building on the defendant's premises, uncovered and unscreened. The next day the zoning enforcement officer issued a cease and desist letter to the defendant, citing a violation of § 3.47 of the Rocky Hill zoning regulations, and ordering that all items stored outside be removed. The defendant did not appeal from this order to the zoning board of appeals, and, in April, 1989, he withdrew his site plan application.

In June, 1989, the defendant applied for a variance from § 3.47 of the regulations relating to outdoor storage. The zoning board of appeals denied the request in July, 1989. At that time, the defendant again filed a site plan application and sought approval to erect a building on his premises. An inspection of the site by town officials again disclosed that boats, trailers, and other goods and materials were being stored and displayed throughout the premises. In August, 1989, the defendant withdrew his site plan application.

The next month, the plaintiff's predecessor zoning enforcement officer, Thomas P. Rust, served on the

defendant and filed in court a complaint and an application for an order to show cause, seeking a temporary injunction prohibiting the storage of boats and other items in the front yard and other specified locations on the premises. The court, *O'Neill, J.,* conducted a hearing and issued a temporary injunction to that effect. Thereafter, five more inspections by town officials in late 1989 and 1990 again disclosed that boats and other items were being stored in locations that violated the court order. As a result, the defendant was found in contempt and fined. On appeal, this court affirmed the trial court's decision. See *Rust* v. *DiPietro,* 26 Conn. App. 901, 596 A.2d 947 (1991) (per curiam).

Shortly thereafter, the defendant moved to dissolve the injunction and to stay the contempt. The state trial referee, *Hon. Robert Satter,* acting as the trial court, heard the case on its merits and on July 23, 1991, rendered judgment denying the defendant's request to dissolve the temporary injunction and to stay the contempt order. In November, 1991, in an articulation of his decision, the referee stated that he had issued a permanent injunction that superseded the temporary injunction. The permanent injunction barred the defendant from storing boats and other items at certain locations on his premises in violation of § 3.47, and ordered that these items be removed or screened or covered if placed in other areas. The defendant also was ordered to cease using and thereafter to remove a parking area he had installed in violation of § 9.42 (c). This appeal followed.

The defendant first claims that the trial court improperly failed to find that he was denied his fourteenth amendment right to due process because the town did not provide him with personal notice of a proposed zone change affecting his property. We disagree.

At the outset, we note that because this and other claims the defendant raises challenge factual determi-

nations made by the trial court, our review is limited to whether the judgment is clearly erroneous or contrary to law. *Shailer* v. *Planning & Zoning Commission,* 26 Conn. App. 17, 24, 596 A.2d 1336 (1991).

First, the proposed zone change of which the defendant complains occurred in 1988. In its memorandum of decision, the trial court correctly determined that "this case is not about the application of the zone change to the defendant. It is about § 3.47, which imposes restrictions on front yard storage and on outdoor, unscreened storage behind the building in line 'in all zones.' Therefore, for purposes of this case, it is irrelevant that defendant's property was rezoned to restricted commercial." Second, notice regarding changes in zoning districts and regulations is governed by General Statutes § 8-3 (a), which authorizes notice by publication in a newspaper having a substantial circulation in the municipality. Our Supreme Court has stated that the " 'fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard . . . .' What is required is not actual notice, but, rather, constructive notice." (Citations omitted.) *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 47, 301 A.2d 244 (1972). Here, the town gave the defendant constructive notice by the newspaper publication. The trial court's determination was neither clearly erroneous nor contrary to law.

The defendant next asserts that the trial court improperly determined that notice of the proposed zone change was not printed in a newspaper with substantial circulation in Rocky Hill as required by General Statutes § 8-3 (a). We disagree.

Whether a newspaper's circulation is substantial is a factual determination that cannot be disturbed unless it is clearly erroneous. Practice Book § 4061. " '[W]here the legal conclusions of the court are challenged, we

must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . .' ''*Red Hill Coalition, Inc.* v. *Conservation Commission,* 212 Conn. 710, 723, 563 A.2d 1339 (1989).

Because our courts have not determined what constitutes substantial circulation, we look to decisions of other courts as well as to dictionaries in order to determine commonly accepted usage. See *In re Carlson Bulletin,* 85 Cal. App. 3d 785, 795, 149 Cal. Rptr. 764 (1978). Webster, New World Dictionary (2d College Ed.) gives as one definition of "substantial" that it is something "considerable" or "ample." Webster, Third New International Dictionary defines it as "considerable in amount, value, or worth." Similarly, in common legal usage, the term "substantial" has been defined as "of real worth and importance." Black's Law Dictionary (6th Ed.). In any event, the term "substantial circulation" is relative. See *In re Carlson Bulletin,* supra (paid circulation to 12 people in a city of 79,000 not "substantial").

Although the defendant argued at trial that the New Britain Herald lacked substantial circulation in Rocky Hill, our review of the record discloses that he failed to sustain his burden of proof. The trial court heard testimony that the Herald published notice of the zone change, and that the newspaper is circulated to 16 percent of the occupied households in Rocky Hill. Testimony also was elicited that the newspaper indexes Rocky Hill news on its front page, reports the news of town government meetings in the Rocky Hill news sections, and prints public notices on the same page. On the basis of this evidence, the court determined that the Herald has substantial circulation in Rocky Hill, and that the probability of its public notices' being read is much greater than if those notices were printed in the paper's classified section. In light of this evidence and

the commonly accepted usages of the term substantial, we cannot conclude that the trial court's factual determination that the New Britain Herald is a newspaper with substantial circulation in Rocky Hill is either clearly erroneous or contrary to law.

The defendant's third claim is that the trial court should have found that the plaintiff waived the requirements of its zoning regulations prior to 1988. In essence, he argues that because town officials waived any objections they may have had to the storage of boats on his premises prior to 1988, such activity became a permissible nonconforming use when § 3.47 in the 1988 regulations was adopted. We disagree.

Waiver involves an "intentional relinquishment of a known right." *Hanover Ins. Co.* v. *Firemen's Fund Ins. Co.,* 217 Conn. 340, 351, 586 A.2d 567 (1991). There cannot be a finding of waiver unless the party has "both knowledge of the existence of the right and intention to relinquish it." *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 645, 220 A.2d 254 (1966). Inherent in the concept of waiver is the notion of assent, which is an act of understanding that presupposes that the party to be affected has knowledge of its rights but does not want to assert them. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 562, 316 A.2d 394 (1972). " 'Waiver may be inferred from the circumstances if it is reasonable so to do.' " Id. Whether conduct constitutes a waiver is a question of fact. *National Casualty Ins. Co.* v. *Stella,* 26 Conn. App. 462, 464, 601 A.2d 557 (1992).

Prior to 1988, outdoor storage was governed by § 5.3 (b) (4) of the 1974 zoning regulations.[2] This sec-

---

[2] Section 5.3 (b) (4) of the 1974 Rocky Hill zoning regulations provides: "No outdoor storage shall be permitted except behind an opaque fence six feet high. Said requirement may be waived by the Commission in the case of the display of new or used merchandise for sale at retail, in accordance with an approved site plan."

tion does not provide for waiver by implication, but in accordance with an approved site plan. At trial, Rust, the plaintiff's predecessor, testified that in connection with the defendant's 1984 application for site plan approval, he inspected the defendant's premises and saw a number of boats stored outdoors. Rust testified that he did not think the situation warranted a citation pursuant to § 5.3 (b) (4). The zoning commission approved the defendant's site plan with no discussion of waiver.

Although the defendant contends that the town's conduct in failing to cite him for outdoor storage prior to 1988 and in approving his 1984 site plan constitutes a waiver of its zoning requirements, we cannot agree. A zoning body does not forever surrender the right to enforce its regulations because it finds that enforcement is not required at an earlier time. See, e.g., *West Hartford* v. *Rechel,* 190 Conn. 114, 459 A.2d 1015 (1983); *Bianco* v. *Darien,* 157 Conn. 548, 556, 254 A.2d 898 (1969). The determination as to whether enforcement was necessary was in the domain of the town official charged with that task. Whether to credit his testimony to that effect is within the province of the court. *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.,* 213 Conn. 486, 498, 569 A.2d 32 (1990). Under these circumstances, it was not improper for the trial court to determine that it would be unreasonable to find that the town had waived its right to enforce its regulations in accordance with the 1984 site plan approval. We cannot say the court's factual determination was clearly erroneous or contrary to law.

Storage of boats outdoors at the defendant's premises also did not become a permissible nonconforming use when § 3.47 in the 1988 regulations was adopted. A use prior to the enactment of a regulation must be a legal use before it can become a valid nonconforming use after the regulation's enactment. *Bianco* v.

*Darien,* supra, 558. Here, § 5.3 (b) (4) provided that outdoor storage was impermissible "except behind an opaque fence six feet high." Because the court determined that the defendant had no such fence, he was not engaging in a legal use that could become a valid nonconforming use with the adoption of § 3.47 in 1988.

The defendant's fourth claim alleges that the trial court improperly determined that the state highway known as Route 3, or Cromwell Avenue, is a street within the meaning of the Rocky Hill zoning regulations. Again, we disagree.

Although the trial court determined that the defendant's property can be seen from Cromwell Avenue, which is a state highway, it relied on the testimony of town planner Kimberly Ricci, who stated that she had examined town records and concluded that the town had approved the layout of all streets in Rocky Hill, including Cromwell Avenue. Ricci testified that, because sections of Cromwell Avenue had been approved in 1958, she believed that all sections of that road had since been similarly approved. Because assessment of the credibility of witnesses is within the domain of the trial court; *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.,* supra; we cannot substitute our judgment for that of the trier unless its determination is clearly erroneous or contrary to law. In this instance, such is not the case.

Finally, the defendant argues that the trial court improperly determined that he must remove all boats and other items from behind the property's building line unless they are covered or screened from Cromwell Avenue. We disagree.

"General Statutes § 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their regulations, and it provides that the zoning enforcement officer may seek injunctive relief to prevent [violations of the regulations]." *Planning & Zon-*

*ing Commission* v. *Desrosier,* 15 Conn. App. 550, 558, 545 A.2d 597 (1988); *Johnson* v. *Murzyn,* 1 Conn. App. 176, 179, 469 A.2d 1227, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). All that need be shown is a violation of the ordinance. *Farmington* v. *Viacom Broadcasting, Inc.,* 10 Conn. App. 190, 197, 522 A.2d 318, cert. denied, 203 Conn. 808, 525 A.2d 523 (1987); *Johnson* v. *Murzyn,* supra, 180. The decision to grant or to deny an injunction to enforce zoning regulations is discretionary and will not be reversed absent a clear abuse of discretion. *Crabtree* v. *Coyle,* 19 Conn. App. 208, 211, 561 A.2d 455 (1989); *Johnson* v. *Murzyn,* supra, 183. Here, the evidence amply supports the trial court's determination that the defendant violated § 3.47 of the town zoning regulations. Having examined the record thoroughly, we conclude that the court's decision is within its discretionary authority.

The judgment is affirmed.

In this opinion the other judges concurred.

