[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for a temporary injunction filed by the CT Page 339-O petitioners, the Town of Tolland and its zoning enforcement officer, under the provisions of General Statutes § 8-12, to enforce certain zoning regulations which the petitioners claim are being violated by the defendant on property which he owns and upon which he resides known as 372 Crystal Lake Road, Tolland. An evidentiary hearing was held on this application by the court on January 19, 1995.
This property is located in a residential zone and an aquifer protection overlay zone. The petitioners contend that the defendant has repeatedly dumped construction debris toward the rear of the property creating a trash pile, that he keeps the box portion of a "Lite Beer" truck as an accessory building within twenty-five feet of his rear property line; and that he operates used car lot on the property. The defendant concedes that the trash pile and Lite Beer structure violate the Tolland zoning regulations. The defendant feels it is his right to repair, store, and sell used vehicles on his property despite the zoning regulations applicable to his property.
The petitioners sent letters of complaint to and served cease CT Page 339-P and desist orders on the defendant demanding that he terminate these activities. The defendant has failed to comply with these demands. The defendant contends that he cannot afford to pay for removal of the trash pile or relocation of the Lite Beer truck box. The defendant gave no indication that he ever appealed to the local zoning board of appeals to contest the cease and desist orders issued by the petitioners.
Based on the evidence adduced at the hearing, the court finds that the petitioners' allegations are well-founded. The defendant admits to offering a number of motor vehicles for sale toward the front of his property. He acknowledges placing "for sale" signs in the vehicles as well as marking the asking prices on the windshields and windows. He also admits permitting friends to conduct the same activity on his property. A neighbor testified to the frequent use of the property for the offering for sale of motor vehicles which were not the defendant's personal vehicles. The neighbor produced several photographs of various cars on the defendant's property taken from April to October 1994. The zoning enforcement officers also testified as to their observations of the property and produced several photos depicting several motor CT Page 339-Q vehicles, the trash pile, and the Lite Beer truck on the defendant's land. The court concludes that the defendant has engaged in the conduct alleged in the petitioner's application.
The general rule governing injunctions is that the applicant must demonstrate that the failure to restrain the conduct which is the subject of the application will result in irreparable harm to the applicant and that no adequate remedy exists at law. This general rule is inapplicable, however, where a municipality seeks to enforce its zoning regulations under General Statutes § 8-12, and all that must be proven is a violation of the regulations,Fisette v. DiPietro, 28 Conn. App. 379, 388 (1992); Farmington v.Viacom Broadcasting, Inc., 10 Conn. App. 190, 197 (1987). Also, because the defendant never appealed the cease and desist order to the zoning board of appeals, the defendant cannot attack the determination by the zoning enforcement officer that the activities described in the cease and desist orders violate the zoning regulations, Greenwich v. Kristoff, 180 Conn. 575, 578 (1980),Gelinas v. West Hartford, 225 Conn. 575, 595 (1993). Even if this were not the case, the court holds that the defendant is violating zoning regulation § 170-45 by maintaining a trash dump on the CT Page 339-R property and operating a used car lot thereon; § 17-100B.(1) by keeping an accessory structure within twenty-five feet of his rear lot line; and § 170-91 by maintaining a junkyard and engaging in motor vehicle repair in the aquifer protection overlay zone.
Therefore, the court grants the application and enjoins the defendant from offering for sale, selling, storing for sale, or repairing for sale any motor vehicle at 372 Crystal Lake Road, Tolland, or permitting others to do so. This order is inapplicable to the storage or repair of motor vehicles which the defendant possesses for personal use or for use in his construction business. Also, the defendant is ordered to remove the pile of trash and debris and relocate the Lite Beer truck box to a permitted location by March 31, 1995. Failure to comply with this order will result in a $50 per day fine, payable to the Town of Tolland for each day of noncompliance after March 31, 1995.
Sferrazza, J. CT Page 339-S