[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #104
On November 3, 1995, the plaintiffs, the City of Stamford and CT Page 4225-XX Anthony Strazza, commenced this action by filing a verified complaint against the defendant, Robert Horowitz. The plaintiffs allege that the defendant is the owner of premises located within a RA-2 Residential Zoning District where excavation is being done without a building permit and a rear cottage is being used for living quarters in violation of the Zoning Regulations of the City of Stamford. It is further alleged that the defendant was served with a Cease and Desist Order by the plaintiff, Strazza, in his capacity as Zoning Enforcement Officer. Such order was not appealed within thirty days to the Zoning Board of Appeals. The plaintiffs allege that the defendant continues to violate the zoning regulations as well as the Cease and Desist Order.
On December 14, 1995, the defendant filed a motion to dismiss the plaintiffs' complaint accompanied by a memorandum in support of its motion. On January 5, 1995, the plaintiffs filed a memorandum in opposition to the defendant's motion to dismiss.
The purpose of a motion to dismiss is to test whether, on the face of the record, the court is without jurisdiction. Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss, "properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Furthermore, the motion to dismiss, "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
The defendant's first ground for moving to dismiss the plaintiffs' complaint is that the plaintiffs have failed to name and serve all necessary and indispensable parties to this action. More specifically, the defendant alleges that the complaint appears to seek to prohibit the defendant from permitting his caretaker, Nick Pagliaro, from occupying the premises. However, Mr. Pagliaro has not been made a party to this action. The defendant argues that since Mr. Pagliaro's right to occupy the premises may be adversely and irreversibly impacted, he is a necessary party to this action.
The plaintiffs argue that the action is properly brought pursuant to General Statutes § 8-12. The plaintiffs argue CT Page 4225-YY that under § 8-12, irreparable harm or lack of an adequate remedy at law need not be shown. Furthermore, the plaintiffs argue that the only necessary party with regard to an action under § 8-12 is the property owner.
"General Statutes § 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their regulations, and it provides that the zoning enforcement officer may seek injunctive relief to prevent violations of the regulations." Fisette v. Dipietro, 28 Conn. App. 379, 387,611 A.2d 417 (1992).
"Where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance; . . . the municipality is not required to show irreparable harm or unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance." Farmington v. ViacomBroadcasting, Inc., 10 Conn. App. 190, 197, 522 A.2d 318 (1987).
The plaintiffs in this action have shown that General Statutes § 8-12 has been violated. This is sufficient to obtain injunctive relief. Furthermore, no caselaw has been found that supports the defendant's argument that anyone but the property owner is a necessary party to the action. See Gill v.Shimelman, 180 Conn. 568, 430 A.2d 1292 (1980). Accordingly, this court has subject matter jurisdiction to hear this action.
The defendant further argues that this court lacks jurisdiction over this action because the venue is improper. The defendant contends that proper venue resides in the Superior Court, Housing Session, Judicial District of Stamford/Norwalk at Norwalk.
Practice Book § 143 authorizes a motion to dismiss to be used to assert improper venue. "Statutory venue requirements confer a privilege not to be required to attend court in a particular location." Savage v. Aronson, 214 Conn. 256, 263,571 A.2d 696 (1990). Since venue is a procedural question and not a jurisdictional one, it does not implicate the authority of the Superior Court to entertain the case. Improper venue may still be waived by the parties unlike subject matter jurisdiction. Id.
The defendant filed his appearance on November 13, 1995. He filed his motion to dismiss thirty one days later, on December CT Page 4225-ZZ 14, 1995. Practice Book § 142 provides: "[a]ny defendant wishing to contest the court's jurisdiction may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Furthermore, Practice Book § 144 provides: "[a]ny claim of lack of jurisdiction over the person or improper venue . . . is waived if not raised by a motion to dismiss filed . . . within the time provided in Section 142." The defendant did not file a timely motion to dismiss, and therefore he has waived the right to raise improper venue.
Accordingly, the defendant's motion to dismiss is denied.