[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Wayne Skelly, Zoning Enforcement Officer of the City of Danbury, and the plaintiff, City of Danbury, bring this action in two counts against the defendants, Carl R. Sayers and Suzanne P. Sayers.
The initial writ, summons and complaint. returnable May 13, 1997, claimed that the defendants stored construction equipment in a residential zone, as well as parking unregistered and abandoned motor vehicles, in violation of the zoning regulations of the City of Danbury.
An answer in narrative form was received on behalf of both pro se
defendants on May 13, 1997.
Thereafter, the plaintiff filed a motion to amend the complaint, dated June 2, 1997, followed by a second amended complaint on July 28.
A third amended complaint, dated October 3, 1997, the operative pleading in this case, consists of the first count, along with a second count brought by the plaintiff, City of Danbury, alleging that the defendants conducted a regulated activity adjacent to a watercourse, without obtaining a permit from the Inland Wetlands and Watercourses Commission of the City of Danbury. CT Page 10331
The City alleges that the defendants violated §§ 22a-36 through22a-45 of the Connecticut General Statutes, as well as § 7 of the Inland Wetlands and Watercourses regulations of Danbury.
Prior to the beginning of trial, the defendant, Carl R. Sayers, stated that the answer, dated May 13, 1997, would serve as both defendants' answer to the amended complaint. Sections of the pleadings not specifically addressed in that answer were either denied, or the plaintiffs were left to their proof.
The defendant, Carl R. Sayers, filed a letter prior to trial, stating that he was authorized to represent the interests of his wife, Suzanne P. Sayers, who was not present at the trial. (See Court's Exhibit 1.)
Testimony was received from the plaintiff, Wayne Skelly; Arthur Bohan, Assistant Zoning Officer for the City of Danbury; Mark Massoud, Environmental Inspector for the City of Danbury; and the defendant, Carl R. Sayers.
Certain facts are not in dispute based upon that testimony and the pleadings.
The property in question consists of three distinct parcels, all of which are contiguous. The three parcels are located in a RA-40 Residence Zone, and are known as Spruce Mountain Road, 2 Spruce Mountain Road, and 38 Miry Brook Road.
The three parcels form the corner of Spruce Mountain and Miry Brook Road. Directly across Miry Brook Road is land zoned for industrial purposes, labeled IL-40. (See Court Exhibit 3.)
The City of Danbury issued cease and desist orders as to each of the three parcels on January 21, 1997 (Assessor's Map No. F-19095, F-19018, and F-19068), claiming identical violations of the Danbury Zoning Regulations.
Each cease and desist order claimed: "The property is currently being used for storage of construction equipment parking of abandoned, unregistered vehicles. These conditions violate §§ 4.A.2a 3.G.6 
§ 8.C.8.c of the Zoning Regulations of the City of Danbury." (See Exhibits 4, 5 and 6.)
On May 28, 1997, a "Notice of Violation" was served upon the defendant, Carl Sayers, concerning "filling, grading and excavation CT Page 10332 activities" occurring within 100 feet of a watercourse, without the necessary permits having been issued. (Exhibit 2.)
A cease and desist order followed on July 3, 1997. (Exhibit 3.)
The defendant, Carl Sayers, admitted performing grading and paving work within the regulated wetland area, but stated that he believed a permit was not necessary, in that he had obtained a "grading permit" from the City of Danbury in 1985. (See Exhibit A.)
This case is governed by the Zoning Regulations of the City of Danbury (Court Exhibit 2), the Requirements and Procedures of the Inland Wetlands and Watercourses Regulations of the City of Danbury (Court Exhibit 4), as well as § 8-12 of the Connecticut General Statutes (Count One) and § 22a-44(b) of the Connecticut General Statutes (Count Two).
The Court makes the following findings:
1. It is found that the defendants, Carl R. Sayers and Suzanne P. Sayers, are the owners of three parcels of land forming a corner parcel at the intersection of Spruce Mountain Road and Miry Brook Road, and were the owners at all times applicable to this action.
2. It is found that the defendants, Carl R. Sayers and Suzanne P. Sayers, owned, possessed and/or controlled the property listed on the Danbury Assessor's Map as parcels F-19095, F-19018 and F-19068.
3. It is found that cease and desist orders were issued on January 21, 1997, regarding all three parcels.
4. It is found that between the date of the issuance of the cease and desist orders and the time of trial, the property in question was used for the storage of construction equipment, and parking of abandoned and unregistered vehicles, in violation of the Zoning Regulations of the City of Danbury.
5. It is found that the defendant, Carl R. Sayers, believed he had a right to maintain equipment on the property, and that the violation of the Zoning Regulations was not willful.
6. It is found that the defendant, Carl R. Sayers, performed grading, paving and excavating work within 100 feet of a watercourse, in violation of the Inland Wetlands and Watercourses Regulations of the City of Danbury. CT Page 10333
7. It is found that neither defendant obtained a permit from the Inland Wetlands and Watercourses Commission to perform any regulated activity, also in violation of the Inland Wetlands and Watercourses Regulations.
8. It is found that the defendant, Carl R. Sayers, mistakenly believed he was authorized to pave, excavate and grade within a wetland area, by virtue of a driveway permit issued years earlier.
9. It is found that the defendant, Carl R. Sayers, believed that an old road ran in the area along the watercourse, although the road appears nowhere on any maps or surveys.
10. It is found that the plaintiffs need not prove or plead that irreparable harm has been suffered, in order to request injunctive relief.Greenwich v. Kristoff, 2 Conn. App. 515 (1984); Gelinas v. West Hartford,225 Conn. 575 (1993).
11. It is found, based on ownership of commercial property in close proximity to the subject property, that the defendant, Carl R. Sayers, has the capacity to correct all zoning violations and that no hardship to either defendant will occur.
12. It is found, in balancing the equities, that the defendants should not be compelled to restore the area surrounding the wetlands, there being insufficient testimony as to the prior condition of the property. Crabtreev. Coyle, 19 Conn. App. 208, 211 (1989).
It is therefore ORDERED as to both defendants:
1. The defendants shall cease and desist from violating § 4.A.2Z, 3.G.8.c and 8.C.8.c. of the Zoning Regulations of the City of Danbury.
2. All violations shall be abated within three weeks of the filing of this decision. The defendants shall be fined the sum of $250 for every day thereafter that violations continue.
3. A fine of five hundred ($500) dollars as a civil penalty is hereby imposed pursuant to the provisions of § 8-12 of the Connecticut General Statutes.
4. A fine of ten ($10) dollars per day is imposed for each day between January 21, 1997 and October 16, 1997, for a total fine of two thousand nine hundred fifty ($2950) dollars. CT Page 10334
5. The defendants are temporarily and permanently injoined from violating §§ 22a-16 through 22a-45 of the Connecticut General Statutes, and § 7.1 of the regulations of the Inland Wetlands and Watercourses Commission of the City of Danbury.
6. The defendants shall cease and desist from any further violations of the Inland Wetlands and Watercourses regulations of the City of Danbury, and shall do no grading, filling, paving or other regulated activity within 100 feet of a watercourse, without first obtaining a permit from the wetlands authority of the City of Danbury.
7. A fine of one hundred ($100) dollars is imposed as a civil penalty, payable to the City of Danbury pursuant to § 22a-44(b) of the Connecticut General Statutes.
8. Costs are awarded to the plaintiffs in the amount of two hundred fifty-three dollars and eighty cents ($253.80).
Radcliffe, J.