[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Following a hearing on the above case on May 26, 1998 and reviewing proposed orders of the parties, the court makes the CT Page 7373 following findings of fact:
1. That the defendant, Kenneth Perry, is the owner of real property known as 110 Clarke Road, Lebanon, Connecticut.
2. That said property contains certain wetlands which are regulated by the Lebanon Inland Wetlands Commission (the "Commission").
3. That in 1994, the defendant obtained Permit No. 94-14 from the Commission which authorized, among other things, the expansion of a pond on said real property, known as Farm Pond No. 2, by thirty to forty feet.
4. That in 1995, the defendant excavated wetlands on his property to expand Farm Pond No. 2 by over two-hundred feet. At the same time, the defendant used fill from the excavation to fill wetlands adjacent to Farm Pond No. 2 to create a berm and roadway running the length of Farm Pond No. 2 on its northern shore.
5. That the excavation of wetlands to expand Farm Pond No. 2 beyond the limits authorized by Permit No. 94-14 and the authorized filling of regulated wetlands to create the berm and roadway were violations of the Lebanon Inland Wetlands Regulations (the "Regulations") in that the Regulations require that a permit be obtained for these regulated activities and the defendant had failed to obtain such a permit.
6. That on September 11, 1995, the Commission issued a Cease and Desist Order to the defendant requiring that he cease all filling and excavations of wetlands on his property, among other things.
7. That on September 16, 1995, The Commission issued a modified Cease and Desist Order to the defendant requiring that he cease all filling and excavations of wetlands on his property and that he present a plan to the Commission calling for the complete restoration of the disturbed wetlands, among other things.
8. That although the defendant has ceased all filling and excavations of wetlands on his property since the issuance of the original Cease and Desist Order, he has failed to comply with said modified Cease and Desist Order in that he has failed to CT Page 7374 present a plan to the Commission calling for the complete restoration of the wetlands. The defendant has prepared and submitted a plan to the Connecticut Department of Environmental Protection ("DEP")calling for partial remediation of Farm Pond No. 2 which plan was prepared in response to a Notice of Violation issued by the DEP regarding a stream diversion violation which is the subject of separate enforcement proceedings.
9. That the defendant was and is in violation of the Regulations as set forth above.
The court finds that the defendant is in violation of the Regulations. However, the parties have proposed entirely different remedies. The town acknowledges that the court has wide discretion in fashioning appropriate relief. ConservationCommission v. Price, 193 Conn. 414, 430 (1984). However, in this case, it claims that because a violation of the Regulations exists, the court must order the defendant to restore the wetlands. The court agrees that the defendant knew or should have known the limits of his permit and that his actions exceeded what was allowed. The town asserts that the court should not allow such an arrogant and willful violation simply because the pond is well built or more aesthetically pleasing than the preexisting swamp. The town asks the court to order that the defendant completely restore the disturbed area to its natural condition.
The town also claims a willful violation of the Regulations.
The court does find that the defendant's conduct was willful. He did acknowledge that he was in violation of the Regulations. He cites the case of Crabtree v. Coyle, 19 Conn. App. 208 (1989) to support his request that he not be ordered to fill in the pond. However, that case is not comparable because in Crabtree
there was no evidence to establish the amount of debris dumped by the defendant since others also used the area. Here, the evidence is clear as to what damage was caused by the defendant. The court recognizes that Strauss, the defendant's engineer, prepared a plan for restoration of the property to comply with the town's Cease and Desist Order. However, the defendant's expert, Michael Schaefer, testified that the area has been dormant for three years and no further disturbance should occur.
The court agrees with the plaintiff that willful disregard of the Regulations may not be permitted simply because the pond is CT Page 7375 well built and more aesthetically pleasing than the preexisting swamps.
Accordingly, the court hereby issues the following orders:
1. That the defendant make restoration of the disturbed area except for the existing berm.
2. That the defendant present a plan for said restoration to the Commission within thirty (30) days of this order except for the berm.
3. That said plan call for the remediation of the disturbed area by the end of this calendar year.
4. That a civil penalty of $100.00 per day will be assessed against the defendant payable to the Commission for every day the defendant fails to submit said restoration plan to the Commission after the initial thirty days have expired.
5. That a civil penalty of $100.00 per day will be assessed against the defendant payable to the Commission for every day the defendant fails to complete the work called for in the restoration plan after December 31, 1998 absent a valid excuse such as adverse weather conditions.
6. The defendant is hereby permitted to use the existing berm and roadway to access his barns and sawmill in order not to be forced onto the public road with his equipment.
7. That the defendant place a conservation easement on the wetlands and wetlands buffer area on his real property.
8. That the defendant not perform any earthmoving or construction work of any kind on his property without a proper permit issued by the Commission. The defendant understands that it is his obligation to understand the limits and extents of any permit issued to him.
9. That the defendant not store, allow to transport any earthmoving equipment in the wetlands or wetlands buffer area on his property.
10. That the defendant pay to the Commission its attorney's fees in the amount of $8,250.00 on or before August 1, 1998. CT Page 7376
D. Michael Hurley, Judge Trial Referee