PLANNING AND ZONING COMMISSION OF THE TOWN OF
LEBANON *v.* JOSEPH V. CAMPANELLI ET AL.
(4242)

HULL, BORDEN and DALY, Js.

Argued November 13, 1986—decision released January 27, 1987

*Mary E. Holzworth,* for the appellant (plaintiff).

*David M. Sheridan,* with whom, on the brief, was *Kenneth A. Paskowitz,* law student intern, for the appellees (defendants).

DALY, J. This is an appeal from the Superior Court's dismissal of the plaintiff's action for injunctive relief and civil penalties. The dismissal was based on the prior pending action doctrine. The plaintiff's sole claim of error is that the trial court erred in dismissing the injunction action. We agree.

Certain facts are necessary to set out the background of this appeal. In February, 1984, an order to discontinue use was issued to the defendants. The order alleged that the defendants had been occupying their premises located on Lake Williams in Lebanon on a year-round basis in violation of the building permit and certificate of occupancy limiting its use to a seasonal dwelling. The defendants applied to the zoning board of appeals for a variance to permit year-round occupancy. The request was denied in May, 1984, and the defendants appealed to the Superior Court. In February, 1985, a second order to discontinue use was issued to the defendants who again sought a variance from the zoning board of appeals in March, 1985. The day after the second request was filed, the plaintiff[1] instituted this suit pursuant to General Statutes § 8-12.[2] The plaintiff sought a permanent injunction restraining the defendants from occupying their premises on Lake Williams except as a seasonal dwelling, and a civil penalty in the amount of $500. In April, 1985, the defendants moved to dismiss the injunction action claiming that there was a prior pending action between the parties involving the same subject matter, namely the appeal from the denial of the variance then pending in the Superior Court. On May 31, 1985, the defendants' motion to dismiss was granted based on the court's conclusion that there was "a prior pending action between the same parties involving the same

---

[1] Section 9.4 of the Lebanon Planning and Zoning Commission Regulations provides in pertinent part: "These regulations may be enforced in administrative and/or judicial proceedings in the name of either the Planning and Zoning Commission or its designated agent, the zoning officer, or in both names."

[2] General Statutes § 8-12 provides in pertinent part: "If any building . . . has been used, in violation of any provision of this chapter or of any . . . ordinance . . . made under authority conferred hereby, any official having jurisdiction . . . may institute an action or proceeding to prevent such unlawful . . . use . . . or to prevent the occupancy of such building, structure or land . . . ."

subject matter, the resolution of which will be disposi-
tive of the present suit." On June 18, 1985, the defend-
ants' appeal in the variance action was denied.

When two separate law suits are "virtually alike" the
second suit is generally dismissed on the basis of the
prior pending action doctrine. *Henry F. Raab Connect-
icut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438
A.2d 834 (1981). This rule has consistently been applied
in our courts. " ' "The pendency of a prior suit of the
same character, between the same parties, brought to
obtain the same end or object, is, at common law, good
cause for abatement. . . . " This is a "rule of justice
and equity, generally applicable, and always, where the
two suits are virtually alike, and in the same jurisdic-
tion." . . .' 'The rule forbidding the second action is
not, however, one "of unbending rigor, nor of univer-
sal application, nor a principle of absolute law
. . . . " ' " (Citations omitted.) *Solomon* v. *Aberman,*
196 Conn. 359, 383, 493 A.2d 193 (1985), quoting *Henry
F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* supra,
112–13. Thus, if the two suits are "virtually alike" the
rule is applicable.

The plaintiff in this case instituted the suit for injunc-
tive relief pursuant to General Statutes § 8-12 which
provides local zoning enforcement officers with a means
to enforce the local zoning laws. The statute specifi-
cally allows the zoning enforcement officer to sue for
injunctive relief as well as for monetary fines.[3] *Johnson*
v. *Murzyn,* 1 Conn. App. 176, 179, 469 A.2d 1227, cert.
denied, 192 Conn. 802, 471 A.2d 244 (1984). Thus, the
plaintiff is empowered by legislative authority to
enforce its rules by instituting a suit to enjoin a party
from continued violation of them.

The defendants sought a variance of the local zon-
ing laws which clearly prohibited using their Lake

---

[3] See footnote 2, supra.

Williams property as a year-round dwelling. Zoning boards of appeal, which are separate and distinct from zoning commissions and zoning officers, have the power to "determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values . . . ." General Statutes § 8-6.

The purposes of §§ 8-12 and 8-6 are separate and distinct. Section 8-12 empowers officers to seek relief, that is, to take overt action in order to compel compliance with the zoning laws. The officers can act on their own initiative, and do not act merely in response to an appeal or request. In contrast, § 8-6 enables the board of appeals to grant or deny requests for variances. If no appeals or exceptions are made, the board of appeals has no power to force compliance with the zoning laws. In addition, if an appeal is made from the denial of a variance, and the appeal is denied, the board of appeals is without further authority to compel compliance with the existing zoning laws.

In this case, the defendants were unable to obtain a variance. Thus, they are living in their seasonal dwelling on a year-round basis in violation of the local zoning laws. The board of appeals however, has no authority to pursue the matter any further. That authority rests only with the zoning commission and its officers. Thus, due to the dismissal of the injunction action, the plaintiff planning and zoning commission has been left with no pending lawsuit to enforce its laws via injunctive action. The plaintiff is therefore required to institute a new suit for injunctive relief pursuant to § 8-12. It is clear that the decision of the board of appeals on the variance action did not afford the plaintiff relief.

Application of the prior pending action rule to these facts is neither equitable nor just. A "plaintiff is not to be deprived of any substantial right which the law gives him as incident to the determination of the issues . . . ." *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 393, 185 A. 82 (1936). In *Dettenborn*, an action for an accounting of trust funds, our Supreme Court refused to uphold the dismissal of a prior debtor-creditor suit. The court stated: "[T]he rule that the pendency of one action is ground to abate another between the same parties and involving the same issues is not with us one of unbending rigor and will not be applied when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt." Id.

When we apply the same rationale to this case, the trial court, by granting the motion to dismiss, deprived the plaintiff of the "use in a fair manner of [the] proper remedy" for enjoining the defendants from violating the Lebanon ordinances. The trial court should not have granted the motion to dismiss.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.