[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 17, 1991, this action was instituted by the plaintiff, the Town of Redding Zoning Inspector, seeking an injunction prohibiting the defendant, Costa Stergue, from demolishing and reconstructing an existing home on 584 Redding Road, Redding, allegedly in violation of General Statutes, Secs. 8-2, 8-3, 8-12, and section 5.5 of the Redding Zoning Regulations. The plaintiff initiated the action in order to force the defendant to comply with at least four separate cease and desist orders served on the defendant by the plaintiff, with which the defendant allegedly refused to comply. On July 7, 1992, the court (Rodriguez, J.) ordered the defendant to immediately cease and desist all construction on the building until the defendant obtained the necessary approval and permits from the Redding zoning authorities. Prior to this date, the plaintiff completed the reconstruction of the building and allowed tenants to occupy it. On January 22, 1993, the defendant was granted a variance from the Redding Zoning Board of Appeals and on February 10, 1993, the defendant obtained the necessary certificates of occupancy from the Redding Zoning Commission. The plaintiff has amended the complaint, removing any request for an injunction contained in the original complaint, and now seeks fines, costs, and attorney's fees pursuant to General Statutes, Sec. 8-12.
The proposed intervenors, Michael Vandenbroeck and Richard Woodburn, own and occupy property adjoining the defendant's property on 584 Redding CT Page 3145 Road. The proposed intervenors initially attempted to be joined as parties to this action by way of a motion for joinder of parties pursuant to Practice Book, Sec. 83, filed on March 6, 1992. The court (Rodriguez, J.) denied their motion on April 6, 1992.
On May 18, 1992, the proposed intervenors filed identical notices of intervention pursuant to General Statutes, Sec. 22a-19(a) asserting that the conduct carried out by the defendant "is reasonably likely to have, the effect of unreasonably polluting, impairing, or destroying the public trust in the air, water or other natural resources of the state." The file does not contain any ruling on the validity of the notices of intervention, but on May 21, 1992, Judge Rodriguez denied the intervenors the opportunity to participate in the hearing on the defendant's motion to reopen the hearing on a temporary injunction. (Order No. 114.50.)
The proposed intervenors filed a motion to reinstate injunction orders that were initially issued by Judge Rodriguez and subsequently lifted by the application of the defendant. The proposed intervenors represent that they did not receive notice from the parties or the court in any of these proceedings. At the hearing on the motion to reinstate the injunctions, the court (Rodriguez, J.) directed the parties to brief the issue of the validity of the proposed intervenors' status in the case. The proposed intervenors have also filed an objection to the defendant's request to revise the plaintiff's complaint in which they represent that they were not informed of the request to revise. The plaintiff has since revised the complaint. In their objection to the request to revise, the proposed intervenors' requested that the court confirm their status as intervenors and give them an opportunity to respond to the request to revise. At the short calendar hearing on the proposed intervenors' objection to the request to revise, the court (Mihalakos, J.) declined to rule on the proposed intervenors' objection to the request to revise until the validity of the proposed intervenors' status was determined by him.
General Statutes, Sec. 22a-19(a) provides, in pertinent part, as follows:
 In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or CT Page 3146 destroying the public trust in the air water or other natural resources of the state.
A section 22a-19 intervenor has standing to participate in a proceeding only for the limited purpose of raising environmental issues. Red Hill Coalition, Inc. v. Town Plan Zoning Commission, 212 Conn. 727, 734,563 A.2d 1347 (1989); see also Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710, 715-16, 563 A.2d 1339 (1989). "Section 22a-19(a) makes intervention a matter of right once a verified pleading is filed complying with the statute, whether or not those allegations ultimately prove to be unfounded." Red Hill Coalition, Inc. v. Town Plan Zoning Commission, supra, 734.
The plaintiff and the defendant oppose the notices to intervene, arguing that General Statutes, Sec. 22a-19(a) only provides a right of intervention in administrative proceedings or appeals to the Superior Court reviewing those administrative proceedings, not independent actions in the Superior Court which do not review administrative proceedings. The proposed intervenors argue that the term "other proceeding" used in the statute applies to the present action. In Polymer Resources, Ltd. v. Keeney, 32 Conn. App. 340, 629 A.2d 447 (1993), the plaintiff brought a civil rights action against the defendant, the Commissioner of Environmental Protection, arising out of a series of administrative compliance orders issued by the defendant. Id., 344. These orders required the plaintiff to cease all emissions from its manufacturing facility and imposed various conditions and requirements which the plaintiff was required to meet in order to resume operations in its manufacturing facility. Id. The plaintiff appealed the orders and pursued a hearing with the Department of Environmental Protection. Id. The plaintiff then brought an independent action asserting that the Commissioner's actions were in excess of his authority and in bad faith, and that the Commissioner, while acting under color of state law, had deprived the plaintiff of its state constitutional rights. Id., 344.
The appellants in Polymer, the Farmington Residents for a Clean Environment, filed a motion for permissive intervention accompanied by a verified pleading regarding section 22a-19 intervention in the Superior Court action, which the trial court (Dean, J.) denied. The Appellate Court upheld the trial court's denial of the motion to intervene pursuant to section 22a-19, noting:
 [S]ection 22a-19(a) compels a trial court to permit intervention in an administrative proceeding or judicial review of such a proceeding by a party seeking to raise environmental issues upon the filing of a verified CT Page 3147 complaint . . . . The statute, however, does not provide for intervention in the type of action brought by . . . [the plaintiff].
(Emphasis added.) Id., 348-49. The Appellate Court noted that the general language of section 22a-19 (a), i.e., "other proceedings," followed the more specific terms, "administrative" and "licensing" proceedings. Id., 347 n. 9. The court concluded that "`[t]he general terms will be construed to embrace things of the same general kind or character as those specifically enumerated.'" Id., quoting State v. Russell, 218 Conn. 273, 278, 588 A.2d 1376 (1991). The Appellate Court held that General Statutes, Sec. 22a-19(a) does not apply in actions in Superior Court other than "an appeal from an administrative hearing or a judicial review of such a hearing." Id., 348.
The proposed intervenors seek to raise environmental issues in the present case. Accordingly, they have no standing to intervene if the present case is an action other than an appeal from an administrative hearing or a judicial review of such a hearing. See Red Hill Coalition, Inc. v. Town Plan Zoning Commission, supra, 734 and Polymer Resources, Ltd v. Keeney, supra, 248-49.
The plaintiff's revised complaint seeks fines pursuant to section 8-12, not the review of any administrative proceedings. General Statutes, Sec. 8-12 provides in pertinent part:
 If any building or structure has been . . . constructed, altered, converted or maintained . . . in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such violation or to prevent the occupancy of such building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises . . . . The owner . . . of any building or premises where a violation of any provision of such regulations has been committed or exists . . . or the . . . builder, contractor . . . who commits . . . any such violation . . . shall be fined not less than ten nor more than one hundred dollars for each day that such violation continues; but, if the offense is wilful, the person convicted thereof shall be fined not CT Page 3148 less than one hundred dollars nor more than two hundred and fifty dollars for each day that such violation continues and the superior court shall have jurisdiction of all such offenses, subject to appeal as in other cases.
(Emphasis added.) An action under General Statutes, Sec. 8-12 is not a zoning appeal which is authorized by General Statutes, Sec. 8-8, but an independent civil action providing zoning authorities with a means to compel compliance with the zoning laws, in addition to administrative proceedings for enforcement. Planning . Zoning Commission v. Campanelli,9 Conn. App. 534, 537, 520 A.2d 242 (1987). Furthermore, an action for enforcement of zoning regulations under General Statutes, Sec. 8-12 may be brought directly in the Superior Court, and does not require as a prerequisite the imposition of any administrative orders issued by the zoning enforcement officer and appeal therefrom to the zoning board of appeals pursuant to General Statutes, Sec. 8-6. See Darien v. Webb,115 Conn. 581, 588, 162 A. 690 (1932); Brainard v. West Hartford,140 Conn. 631, 103 A.2d 135 (1954); Planning Zoning Commission v. Campanelli, supra, 537.
The court concludes that the proposed intervenors have no right of intervention pursuant to General Statutes, Sec. 22a-19(a), because the present action is not an "appeal from an administrative hearing or a judicial review of such a hearing." Polymer Resources, Ltd. v. Keeney, supra, 348. Having decided that there is no standing, the court need not address any other motions filed on their behalf.
Mihalakos, J.