[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW CONCERNING DEFENDANTS GROESBECK AND MOUNTAIRE'S MOTION TO DISMISS CT Page 4138
In addition to this case, there is pending two prior federal actions and a state superior court action involving the same occurrence. The above named defendants filed a motion to dismiss under the prior pending action doctrine. The motion to dismiss is denied.
Pursuant to Practice Book 143(1), "a motion to dismiss. . . properly attacks the jurisdiction of the court, essentially asserting the [nonmovant] cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Although Practice Book 143 does not specifically set forth that the motion to dismiss shall be used to assert as a ground for abatement the existence of a prior pending action, we have considered the claim on a motion to dismiss even when there is subject matter jurisdiction." Conti v. Murphy, 23 Conn. App. 174,177, 575 A.2d 711 (1990). "The raising of a claim of prior pending action between the parties is a permissible ground for a motion to dismiss. . . ." Nardini v. Connecticut Insurance Placement Facility, 8 CSCR 459, 459-60 (May 10, 1993, Zoarski, J.); see Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124
(1988).
"It has long been the rule that when two separate lawsuits are `virtually alike' the second is amenable to dismissal by the court." Solomon v. Aberman, 196 Conn. 359, 382, 493 A.2d 193
(1985). The court must examine the pleadings to ascertain whether the actions are "virtually alike"; Halpern v. Board of Education, 196 Conn. 647, 653, 495 A.2d 264 (1985). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is at common law, good cause for a [motion to dismiss]. . ." Planning and Zoning Commission v. Campanelli, 9 Conn. App. 534, 536520 A.2d 242 (1987). "The rule does not apply . . . when the two actions are different purposes or ends or involve different issues. . . or where there is not a strict identity of the parties." Conti v. Murphy, 23 Conn. App. 174, 178, 575 A.2d 711 (1990).
"Although the Federal district courts and State superior courts are vested with concurrent jurisdiction over certain causes of action, these courts are nevertheless courts of CT Page 4139 separate jurisdictional sovereignties for purposes of the prior pending action doctrine." Regional Refuse Disp. v. Colebrook, Superior Court, judicial district at Tolland, Docket No. 06 22 99 (October 7, 1991, Pickett, J.), Aldrich v. Criswolo,3 CSCR 689 (July 25, 1988, Flanagan J.) 1 E. Stephenson, Connecticut Civil Procedure, 104(a) (2 ed. 1982); 1 Am.Jur.2d, Abatement, Survivial [Survival] and Revival, 18, 1 C.J.S. Abatement and Revival, 53-54; Ballentine Books Inc. v. Capital Distributing Co. 302 F.2d 17, 19 (2d Cir. 1962); Commercial Oil Refining Corp. v. Miner, 303 F.2d 125, 127 (1st Cir. 1962).
In support of the motion to dismiss the defendant attaches documentary evidence which demonstrates that three actions, each arising out of the January 24, 1991 collision, have been instituted. The prior actions are as follows.
 Lawsuit #1: Colon v. Groesbeck and Mountaire of Delmarva, Inc. d/b/a Mountaire Corp. Federal District Court Hartford, CT. Case No 3:92 CV 645
The defendants' evidentiary support demonstrates that on or about December 31, 1992, Raul Colon, as conservator for Wilson Colon, filed a three count complaint against defendants Groesbeck and Mountaire in the Federal District Court of Connecticut at Hartford. Counts one and two are directed against Groesbeck and sound in negligence and recklessness, respectively. Count three is directed against Mountaire and sounds in negligence. On or about September 9, 1993, Groesbeck and Mountaire's motion for leave to file a third party complaint upon Menendez was granted by the court. Additionally, on October 28, 1993 the defendants Groesbeck and Mountaire filed a two count third party complaint against Menendez and Raul Colon. In count one of the third party complaint, Groesbeck and Mountaire allege that any losses sustained in the accident of January 24, 1991, were the result of the negligence of the vehicle's operator, Menendez. In count two of the third party complaint, Groesbeck and Mountaire allege that any loss sustained by the plaintiff Wilson Colon was due to Raul Colon's negligent entrustment of the rental vehicle to Menendez when Raul Colon knew or should have known that Wilson was not an authorized driver of the vehicle and that Wilson had operated motor vehicles while under the influence of alcohol and/or drugs on prior occasions. CT Page 4140
 Lawsuit #2: Menendez v. Groesbeck, and Mountaire of Delmarva, Inc. d/b/a Mountaire Corp. Federal District Court Hartford, CT. Case No. 393 CV038
On or about January 11, 1993, Menendez, the plaintiff in the instant action, filed a three count complaint against defendants Groesbeck and Mountaire in the Federal District Court of Connecticut at Hartford. Counts one and two are directed against Groesbeck and allege negligence and recklessness, respectively. Count three of the complaint is directed against Mountaire and sounds in negligence. On or about September 9, 1993, the defendants Groesbeck and Mountaire moved for leave to file a third party complaint against Raul Colon and Wilson Colon; the motion was granted on November 22, 1993. Accordingly, on or about December 3, 1993, the defendants Groesbeck and Mountaire filed third party complaints against Wilson and Raul Colon. Groesbeck and Mountaire alleged in count one of the third party complaint that the negligence of Wilson Colon was the direct cause of the plaintiff's injuries. Groesbeck and Mountaire assert in the second count of the third party complaint that injuries to the plaintiff were the result of Raul Colon's negligent entrustment of the vehicle to both Menendez and to Wilson Colon.
 Lawsuit #3: A A Rental v. Mountaire of Delmarva, Inc. Superior Court, judicial district of New Haven at New Haven, Docket No. 34 31 26.
On or about January 15, 1993, A A Rental, a defendant in the present action, filed a single count complaint against Groesbeck and Mountaire, in the Superior Court, judicial district of New Haven at New Haven. A A Rental alleges that it suffered losses as the result of the negligent operation of the defendants' truck. On or about September 9, 1993, the defendants Groesbeck and Mountaire moved to implead the Colons and Menendez, which motion was granted, September 27, 1993, (Martin, J.). Service of the third party complaint upon Menendez and Wilson and Raul Colon was effectuated on October 23, 1993. On December 10, 1993 the A A Rental action against Groesbeck and Mountaire was dismissed for failure to prosecute with reasonable diligence. The four month time period in which to open the judgment of dismissal ends April 10, 1994. CT Page 4141
Based upon the reasoning of Regional Refuse Disp. v. Colebrook, supra, and the cases cited therein as well as the treatises referred to above, the court holds that the defendants' reliance upon the two pending federal actions as a basis for the application of the prior pending action doctrine is misplaced.
Additionally, the pending Connecticut Superior Court action A A Rental v. Mountaire of Delmarva, supra, is not "virtually alike" to the instant action as the object of the litigation and the parties are not the same. A A Rental v. Mountaire of Delmarva, supra, involves a negligence action for damages to the rental vehicle involved in the January 24, 1991 collision. The present action involves redress for personal injuries by a plaintiff, who is not a party to the A A Rental action. Furthermore, the present action differs from A A Rental v. Mountaire of Delmarva, supra, in that A A Rental is named as a defendant, not a plaintiff, and liability is predicated upon A 
A Rental v. Mountaire of Delmarva, supra, in that A A Rental's negligent leasing of a vehicle to Raul Colon.
The motion to dismiss is therefore denied.
LAWRENCE L. HAUSER, JUDGE