[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 115)
The court denies the plaintiff's motion to dismiss the special defenses and the counterclaims asserted by the defendants.
This is an action by the Connecticut Housing Finance Authority ("CHFA") filed on March 18, 1993 against the defendants, Gary and Darlene Tobin ("Tobins"), owners of the equity of property located at 85 Harlem Avenue, Bridgeport, Connecticut. The plaintiff alleges that the Tobins failed to pay installments of principal and interest due under a note entered into on May 18, 1990 in the principle amount of $127,300.00. The plaintiff seeks to foreclose on the property and to obtain a deficiency judgment.
On September 7, 1993, the defendants filed an answer with three special defenses and a two count counterclaim. In their first special defense, the Tobins allege that the note and mortgage are voidable because CHFA materially misrepresented the value and condition of the Harlem residence. In their second special defense, the Tobins allege that the note and mortgage are void because the plaintiff breached its duty pursuant to § 8-243 of the General Statutes. In their third special defense, the Tobins allege that CHFA is not a holder in due course.
In the first count of the counterclaim, the Tobins allege that CHFA breached its duty to warn the defendant of the presence of toxic levels of lead paint in their home pursuant to Connecticut General Statutes § 8-241 et. seq. The defendants allege that the note and mortgage are voidable on the basis of this misrepresentation and nondisclosure. In the second count of the counterclaim, the Tobins allege that CHFA breached its duty to provide safe and adequate housing pursuant to Connecticut General Statutes § 8-243. Accordingly, the Tobins allege that the note and mortgage are void. They seek an order that the alleged note and mortgage are void and recovery of their closing costs and an order of specific performance requiring the plaintiff to make the premises safe and habitable. CT Page 4836
On October 13, 1993, CHFA filed a motion to dismiss the defendants' special defenses and counterclaim on the ground that the court lacks jurisdiction over the subject matter based on the prior pending action doctrine. On November 1, 1993, the defendants filed a memorandum of law in opposition to the motion to dismiss.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the nonmovant cannot, as a matter of law and fact, state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "Whenever the absence of subject matter jurisdiction is brought to the notice of the court . . . cognisance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v.Blake, 186 Conn. 295, 297 (1982). "If the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 626 (1983). "The raising of a claim of prior pending action between parties is a permissible ground for a motion to dismiss. . . ." Nardini v. Connecticut Insurance PlacementFacility, 8 CSCR 459-460 (May 10, 1993, Zoarski, Judge).
CHFA argues in its memorandum of law that the court should dismiss the Tobins' special defenses and counterclaim on the grounds that the court lacks subject matter jurisdiction. Specifically, CHFA maintains that the claims asserted in the special defenses and counterclaim are identical to claims asserted against CHFA in a prior pending lawsuit in the Judicial District of New Haven, Tobin v. Connecticut Housing FinanceAuthority, docket number CV92 033 32 31S. Therefore, CHFA argues that the prior pending action doctrine bars the court's consideration of the special defenses and counterclaim and, therefore, the court should grant its motion to dismiss.
In response, the Tobins argue that the court has subject matter jurisdiction over the special defenses and counterclaim. The Tobins maintain that the issues raised by the special defenses and counterclaim are sufficient challenges to the making, validity and enforcement of the note and mortgage. Also, the Tobins claim that the prior pending action is a tort action where they are seeking money damages on behalf of their minor child, Jillian Tobin, who suffered from lead poisoning from the paint used on the premises. The Tobins point out that the present case is a foreclosure action regarding enforcement of their note and mortgage. The Tobins argue that they are entitled to raise challenges to the enforcement of the note and mortgage by way of their special defenses and counterclaim despite the prior pending tort action. Accordingly, the Tobins urge the court to deny the motion to dismiss. CT Page 4837
For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues. (See DeAngelis v. Manhattan Leasing,
Superior Court, J.D. of Fairfield, docket number 300986, June 21, 1993.) "This is a rule of justice and equity, generally applicable, and always where the two suits are virtually alike, and in the same jurisdiction." (Citations omitted.) Halpern v. Board of Education, 196 Conn. 647,652-653 (1985). "The prior pending action doctrine applies equally to claims and counterclaims." Conti v. Murphy, 23 Conn. App. 174, 178
(1990).
When two separate suits are virtually alike, the second suit is generally dismissed on the basis of the prior pending action doctrine.Henry F. Raab Conn., Inc. v. J. W. Fischer Co., 183 Conn. 108, 112
(1981). of course, in order to determine whether the actions are "virtually alike", an examination of the pleadings is necessary. "The rule does not apply . . . when the two actions are for different purposes or ends or involve different issues." (Citations omitted.) Planning Zoning Commission v. Campanelli, 9 Conn. App. 534, 536 (1987). In theConte v. Murphy case, the trial court erred in granting the plaintiff's motion to dismiss the defendant's counterclaim where the defendant's prior appeal from the probate court's final accounting of the estate and the defendant's counterclaim that the plaintiffs fraudulently conspired to prevent him from purchasing the property are not "virtually alike" even though both contain allegations of fraud because there was not strict identity of parties and the remedies sought were different. SeeBreed v. Fleet Bank, Superior Court, J.D. of Hartford/New Britain at Hartford, docket number 505663 (August 14, 1992) (the court denied the defendant's motion to dismiss because the plaintiff's prior foreclosure action seeking a deficiency judgment and the plaintiff's present tort action alleging improper conduct of the defendant in influencing the appraisal process are not "virtually alike" because the two suits are not "of the same character", adjudicate different rights and seek different objections); Construction Services v. Sansere Mill Assoc.,7 CSCR 425 (March 17, 1992, Arena, J.) (the court denied the defendant's motion to dismiss based on the prior pending action doctrine because the plaintiff's prior foreclosure action and the plaintiff's present action seeking an order enjoining the defendant from transferring his assets are not "virtually alike" where "the differences in the parties and the types of relief sought are more than superficial and the timing of the present action against the defendant is allegedly essential to the plaintiff's ability to secure its desired remedy").
Comparing the Tobins' allegations raised in the prior pending tort CT Page 4838 action with the allegations contained in the counterclaim, the Tobins in the prior pending action and on behalf of their minor daughter filed a 26 count complaint against CHFA and four other defendants. Only counts 23 through 26 are directed against CHFA. In count 23, the Tobins allege that Jillian Tobin suffered from lead poisoning due to a toxic level of lead in the paint used in their home. AS a result, the Tobins allege that CHFA breached its duty to insure that the premises did not pose a hazard to its inhabitants pursuant to statutes 8-241 et seq. In count 24, the Tobins allege a claim of emotional distress as a result of their child's personal injuries. In addition, they allege that they have incurred substantial medical bills and expenses as a result of CHFA'S negligence and breach of its statutory duty. In count 25, on behalf of Jillian Tobin, they allege that CHFA violated Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In count 26, the Tobins themselves allege that CHFA violated CUTPA.
In the present action, CHFA seeks to foreclose on the Tobins' property and the Tobins subsequently filed the counterclaim in order to challenge the validity and enforcement of the note and mortgage. The prior pending action and the Tobins' counterclaim are not "virtually alike." The Tobins' prior pending action and the Tobins' counterclaim do not adjudicate the same underlying rights and do not seek "to obtain the same end or object." Therefore, the court denies the motion to dismiss the counterclaim as the allegations contained therein are not "virtually alike" to those raised in the prior pending action.
CHFA moved to dismiss the Tobins' special defenses on the ground of the prior pending action doctrine. The prior pending action doctrine only applies to claims which set forth a cause of action. See Cole v.Associated Construction Co., 141 Conn. 49 (1954). The prior pending action doctrine does not apply to special defenses.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . a right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right on the part of the defendant." See Gurliacci v. Mayer,218 Conn. 531, 546-547 (1991). The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, not withstanding, that the plaintiff has no cause of action. See Practice Book § 164 and Commissioner of Environmental Protectionv. National Can Corp., 1 Ct. Law Rptr. 272 (February 9, 1990, Corrigan, J.).
This court finds that a special defense is not a cause of action CT Page 4839 and denies the plaintiff's motion to dismiss the Tobins' special defenses.
EDDIE RODRIGUEZ, JR., JUDGE