[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS(#102) AND MOTION TO DISMISS (#105 )
On November 21, 1995, the plaintiff, Metro Square, L.L.C., filed an eight-count complaint against the defendants Lucius Pettingill, Thomas Kane, David Kuzmak, Kuzmak-Williams, L.L.C., and Kuzmak-Williams and Associates. Lucius Pettingill and Thomas Kane filed a motion to dismiss (#102) with a memorandum of law and attachments on January 4, 1996, on the grounds of prior pending action and General Statutes § 49-1 and/or § 49-28. David Kuzmak, Kuzmak-Williams, L.L.C., and Kuzmak-Williams and Associates filed a motion to dismiss (#105) on January 19, 1996, for the same reasons as the motion to dismiss #102, and incorporated the memorandum of law. Accordingly, the court will address both motions as though they are one motion.
The complaint alleges that the plaintiff is the owner and holder of the second and third mortgages encumbering premises currently in the record name of Middletown Metro Associates, a Connecticut general partnership, whose partners are Lucius Pettingill and Thomas P. Kane. Kuzmak Williams, L.L.C. or its predecessor Kuzmak Williams and Associates, and their primary decision-maker David Kuzmak, served as the property manager of the premises. The complaint alleges that as security for the second mortgage dated December 23, 1986, Middletown Metro issued to the previous holders of the mortgage an assignment entitled Collateral Assignment of Leases and Rentals. In consideration of forbearance of defaults existing under the second and third mortgages, Middletown Metro issued a Lockbox Account Agreement on September 14, 1992, regarding management of rental income. On January 14, 1995, the plaintiff was assigned the second and third mortgages, the assignment and the lockbox agreement. The plaintiff alleges that soon thereafter the defendants breached the lockbox agreement CT Page 3986 and other instruments of security in a number of ways, resulting in claims for breach of contract, Connecticut Unfair Trade Practices Act (CUTPA), Connecticut Corrupt Organizations and Racketeering Activity Act, Racketeer Influenced and Corrupt Organizations Act, conversion and accessory to conversion, breach of fiduciary duty, and negligence. The plaintiff claims compensatory damages, punitive damages, and attorneys fees.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). "[A] motion to dismiss is the proper vehicle to raise the issue of a prior pending action." (Internal citations omitted.) Gaudio v. Gaudio, 23 Conn. App. 287,294, 580 A.2d 1212 (1990), cert. denied, 217 Conn. 803,584 A.2d 471 (1990).
The defendants argue that the plaintiff filed a foreclosure action dated February 3, 1995, of the premises in superior court of the judicial district of Middlesex at Middletown. Furthermore, the plaintiff, on its own initiative, caused the superior court to take custody of both past and continued rental income of the property by a stipulation for order appointing a receiver of rents on September 11, 1995, the same rental income in part at issue in the present action. The defendants argue that the present cause of action arises by virtue of a claimed proprietary interest in Metro Square rental income. The determination and enforcement of the plaintiff's debt in the foreclosure action addresses the same issue.
The plaintiff responds that the prior pending action doctrine applies only where the two suits involve the same issues, the same parties, the same relief, and were brought in the same jurisdiction. The present case seeks compensatory and punitive damages, involves theories of misconduct arising from an entirely different theory than foreclosure and was brought against the partners and the manager individually.
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at CT Page 3987 common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted; Internal citations omitted.)Halpern v. Board of Education, 196 Conn. 647, 652-53, 495 A.2d 264
(1985). "The rule does not apply . . . when the two actions are for different purposes or ends or involve different issues."Planning Zoning Commission v. Campanelli, 9 Conn. App. 534, 536,520 A.2d 242 (1987). Merely because the suits involve the same property does not make the suits "virtually alike." SeeConti v. Murphy, 23 Conn. App. 174, 579 A.2d 576 (1990) (defendant's prior appeal from probate court's final accounting of an estate and defendant's counterclaim that plaintiffs fraudulently conspired to prevent defendant from purchasing property were not "virtually alike" because there was no strict identity of parties, and the remedies sought were different). See also Breed v. Fleet Bank,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 505663 (August 14, 1992, Aurigemma, J.) (prior foreclosure action seeking deficiency judgment and present tort action alleging improper conduct in influencing appraisal process not virtually alike because suits not of the same character, adjudicate different rights and seek different objectives).
Although disbursement of the rental income from the Metro Square property is the subject of both suits, the two suits are of an entirely different character. The present action focuses on breach of contract and tortious conduct by each of the defendants, conversion of funds, and seeks to assign blame. It involves side agreements and funds outside of the rental income, namely seed money that the plaintiff allegedly deposited into the lockbox account. None of the defendants in the present action are parties to the foreclosure action. The present action seeks compensatory and punitive damages. The two actions are not "virtually alike" within the meaning of the prior pending action doctrine.
The defendants also argue that the action is barred by General Statutes § 49-1 and § 49-28. General Statutes § 49-1
provides,"[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure." However, "to the extent that 49-1 limits the mortgagee's remedies, it does so only after the entry of a judgment CT Page 3988 in foreclosure." People's Bank v. Bilmor Building Corporation,28 Conn. App. 809, 821, 614 A.2d 456 (1992). The defendants have not demonstrated that judgment has entered, accordingly the suit is not barred.
General Statutes § 49-28 provides, in pertinent part: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined . . . .; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit." General Statutes § 49-28 generally applies to foreclosure by sale. See D. Caron, Connecticut Foreclosures (2nd ed.) (1991), § 9-05B-B1.
This action is not an action for collection of the debt, it is not an action on the note or the mortgage. It is an action sounding in contract, tort and statutory violations based on ancillary agreements to the mortgage. In Union Trust Company v.Precast Incorp., Superior Court, judicial district of Litchfield, Docket No. 064387 (April 20, 1995, Walsh, J.) the court stayed the third and fourth counts in a foreclosure suit based on breach of warranty and indemnity agreements in the mortgage finding that the damages sought were defined in the mortgage as part of the mortgage debt. Accordingly, the action is not stayed and the motions to dismiss are denied.
KARAZIN, JUDGE.