[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#104)
On August 11, 1997, the plaintiff, Seaside Common Association, Inc., filed a complaint against the defendant, Beverly Sciullo. The plaintiff alleges that the defendant is the owner of a Residential Unit Numbered 34A, Seaside Avenue, Stamford, Connecticut (premises). The plaintiff alleges that despite demand for payment by the plaintiff, the defendant has failed to pay common charges, special assessments and late fees.
On January 14, 1998, the defendant filed an answer and a five-count counterclaim. In count one, the defendant alleges that the plaintiff's conduct, including increasing the common charges allocable to the defendant's unit and the conveying of the limited common area "assigned basement" to the defendant, constitutes a breach of the plaintiff's fiduciary duty and a breach of the plaintiff's duty of good faith and fair dealing to treat all unit owners equally. In count two, the defendant alleges that the plaintiff's conduct constitutes a statutory breach of fiduciary duty. In count three, the defendant alleges that the plaintiff's continuous interference with the defendant's purchasers, subsequent tenants and present real estate broker constitutes tortious interference with the defendant's contractual rights. In count four, the defendant alleges that the plaintiff's aforementioned interference constitutes tortious interference with the defendant's business expectancy. In count five, the defendant alleges that the plaintiff's aforementioned CT Page 14939 conduct constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq.
In August, 1996, prior to the institution of the plaintiff's present action, the defendant brought an action against the plaintiff for tortious interference with her contract rights. On March 24, 1998, the plaintiff filed a motion to dismiss the defendant's counterclaims alleging that the counterclaims are duplicative of the claims contained in the August, 1996 lawsuit, and therefore are improper under the prior pending action doctrine.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnsonv. Dept. of Public Health, 48 Conn. App. 102, 107,710 A.2d 176 (1998). A motion to dismiss is the proper device by which to request that the trial court dismiss a subsequent action pursuant to the prior pending action rule. Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985).
"The prior pending action doctrine is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law. . . . The doctrine does not implicate the court's subject matter jurisdiction but rather is a rule of justice and equity; the purpose of which is to avoid oppressive and vexatious litigation." (Citations omitted; internal quotation marks omitted.) BCBS Goshen Realty v. Planning ZoningCommission, 22 Conn. App. 407, 409, 577 A.2d 1101 (1990). "The court has discretion to examine the circumstances in each case and determine whether the second suit is oppressive or vexatious, or whether it may fairly be maintained." Lyon andBillard Co. v. Victory, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156693 (May 6, 1998,Hickey, J.) (22 CONN. L. RPTR. 117, 118). "The law regarding when an action should be dismissed under the [prior pending action] doctrine is to some degree obscure and there is no clear, definite and workable rule to be applied generally." (Internal quotation marks omitted.) Harbor Vista AssociatesLtd. Partnership v. Yankee Management, Inc., Superior Court, CT Page 14940 judicial district of Stamford/Norwalk at Stamford, Docket No. 143141 (February 21, 1995, D'Andrea, J.). The prior pending action doctrine applies to claims as well as to counterclaims. Conti v. Murphy, 23 Conn. App. 174, 178,579 A.2d 576 (1990); Connecticut Housing Finance Authorityv. Tobin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302899 (May 9, 1995, Rodriguez, J.).
The plaintiff moves to dismiss each and every counterclaim asserted by the defendant on the ground that said counterclaims are duplicative and improper under the prior pending action doctrine. The plaintiff argues that both the prior action and the present counterclaims relate to the defendant's efforts to sell her condominium unit. The defendant contends that the plaintiff's motion to dismiss should be denied because the defendant's counterclaims in this action and the claims asserted by the defendant in her previously filed action involve different parties and issues.
The prior pending action doctrine states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575, 583,542 A.2d 1124 (1988). "The rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues." Alca Construction Co. v. WaterburyHousing Authority, 49 Conn. App. 78, 81, ___ A.2d ___ (1998). Moreover, the rule only applies where there is a strict identity of the parties in both actions. Conti v.Murphy, supra, 23 Conn. App. 178.
To examine whether actions are "virtually alike," a court must look to the pleadings. Beaudoin v. Town Oil Co.,supra, 207 Conn. 583. Moreover, "the difference in the relief requested in the two actions is not dispositive. . . . [T]he fact that different relief is sought does not prevent [dismissal] of a second action adjudicating the same underlying rights." (Citations omitted; internal quotation marks omitted.)Gaudio v. Gaudio, 23 Conn. App. 287, 296,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 472 (1990).
The action filed by the defendant against the plaintiff on August 26, 1996 alleges that the plaintiff intentionally and CT Page 14941 tortiously interfered with the defendant's contract to sell the premises by cancelling appointments, altering the resale certificate, threatening to double common charges, and informing the purchaser's attorney that the defendant performed improper renovations. Moreover, Anthony Sciullo is also a plaintiff in the August 26, 1996 action, allegedly in his capacity as co-owner of the premises.
Here, the defendant alleges that the plaintiff increased the common charges only for the defendant's unit while decreasing the common charges for all other unit owners, causing the defendant to suffer direct and foreseeable damages. While the defendant also alleges that the plaintiff continuously interfered with possible purchasers of the premises, subsequent tenants and the defendant's real estate broker, she asserts claims for breach of fiduciary duty, tortious interference with contractual rights, tortious interference with business expectancy and violation of CUTPA.
"The Court must be cautious to not dismiss an action where the allegations, though very similar, set forth different causes of action." Mancini v. Wyzik, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 520862 (January 6, 1994, Sullivan, J.). Application of the prior pending action rule to the present action is neither equitable nor just. See Planning Zoning Commission v.Campanelli, 9 Conn. App. 534, 538, 520 A.2d 242 (1987). Although there may be some overlapping between the two actions, "[s]uch overlapping, however, does not warrant dismissal of the present action." Harbor Vista Associates Ltd. v. YankeeManagement, supra, Superior Court, Docket No. 143141. Here, Anthony Sciullo, a plaintiff in the August, 1996 action, is not a party. As a result, strict identity of the parties is lacking. Moreover, the two actions are not virtually alike because the present action is primarily based on the unfair common charges allocable only to the defendant's unit, while the prior action is primarily based on the plaintiff's intentional and tortious interference with the defendants' sale of the premises. Finally, the causes of action alleged in the two actions are not identical.
"A plaintiff [or in this case the counterclaim plaintiff] is not to be deprived of any substantial right which the law gives [her] as incident to the determination of the issues. . . ." (Internal quotation marks omitted.) Planning ZoningCT Page 14942Commission v. Campanelli, supra, 9 Conn. App. 538. Moreover, this court must be cautious to not dismiss an action where the allegations, though very similar, set forth different causes of actions. Mancini v. Wyzik, supra, Superior Court, Docket No. 520862. The plaintiff's motion to dismiss each and every counterclaim asserted by the defendant is denied.[1]
RODRIGUEZ, J.