[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal arising out of the approval of an application by the defendant Agency.[1] On August 29, 1996, the defendant Konover submitted an application to the Agency in order to conduct activities regulated under General Statutes §§ 22a-36 to 22a-45, the Inland Wetlands and Watercourses Act. (Appeal, ¶ 17.) The application sought approval of modifications to a previously granted construction permit; (Appeal, ¶ 18, 20; Answer of defendant Konover, 6 18); which included drainage plans. (Appeal, ¶ 18, 20.)
The Agency approved the application on January 16, 1997 and notice of the decision was published in the Town Times on January 23, 1997. (Appeal, ¶ 27; Answer of defendant Konover, ¶ 27.)
Matthew M. Rubin, Trustee, and Henry J. Papparazzo, Trustee, intervened under General Statutes § 22a-19.
The defendant Konover filed a motion to dismiss on November 19, 1998 based on lack of subject matter jurisdiction for lack of standing. Judge Leheny conducted a hearing on the motion and ruled that: "Since this motion is grounded on claims that the Plaintiffs are not statutorily aggrieved or classically aggrieved, the court declines to rule on the motion. The issues are properly raised at the administrative appeal hearing on the merits of the case when evidence of aggrievement is heard." (Order, dated December 18, 1998.)
Konover renewed its motion to dismiss and oral arguments were heard by this court in March, 1999. Konover's arguments are identical to the arguments advanced before Judge Leheny, namely, that the Middlebury Conservation Commission, the chairman and members of the Commission and the Middlebury wetland enforcement officer are not classically aggrieved, and that the Middlebury Land Trust is not statutorily aggrieved. (Defendant's Memorandum, dated March 10, 1999.)
The plaintiffs filed a memorandum in opposition to the motion in December 1998 wherein they argue that the Commission, its chairman and members, and the wetlands enforcement officer are classically aggrieved because they are charged with the responsibility of regulating wetlands under Connecticut General Statutes Chapter 440. Further, the plaintiffs argue that the Land Trust is statutorily aggrieved because the "Land Trust property is within a radius of 90 feet of wetlands into which the flow of CT Page 7906 stormwater drainage will be introduced" and because the property which will receive drainage under the permit modifications, the Janazzo property, abuts the Land Trust Property. (Plaintiffs' Memorandum, dated December 9, 1998, p. 12.)
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. [T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: First, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) New England Cable TelevisionAssociation v. Dept. of Public Utility Control, 247 Conn. 95,103, 717 A.2d 1276 (1998); see also Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530, 525 A.2d 940 (1987).
"The question of standing is essentially one of aggrievement. . ." (Citation omitted.) Munhall v. Inland WetlandsCommission, 221 Conn. 46, 54, 602 A.2d 566 (1992). "In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction . . . (Citations omitted.) Water Pollution Control Authority v. Keeney,234 Conn. 488, 493, 662 A.2d 124 (1995)
"Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case. . . ." (Citations omitted) Zoning Board v. Planning Zoning Commission, 27 Conn. App. 297, 605 A.2d 885 (1992) General Statutes § 22a-43 grants statutory aggrievement for the purpose of inland wetlands appeals to a person or entity that owns or occupies land which abuts or is within a radius of ninety feet of the involved. wetland of watercourse. See General Statutes § 22a-43.
I The Middlebury Conservation Commission
In its motion to dismiss, the defendant argues that the CT Page 7907 Commission is not classically aggrieved. "Under [General Statutes § 22a-42 and 22a-42a, any municipality, acting through its legislative body, may authorize or create a board or commission to regulate activities affecting the wetlands and watercourses within its territorial limits and any such board or commission is authorized to grant, deny, or limit any permit for a regulated activity." Connecticut Fund for the Environment v. Stamford,192 Conn. 247, 249-50, 470 A.2d 1214 (1984)
Inland wetland agencies have authority to regulate within their jurisdiction. Connecticut Fund for the Environment v.Stamford, supra, 192 Conn. 250. "It is within the responsibility of the zoning commission to protect the welfare of the town as a whole." Adolphson v. Zoning Board of Appeals, 205 Conn. 703. 715,535 A.2d 799 (1988). As discussed, in order to establish classical aggrievement, the plaintiff Commission must plead and prove that it has a specific personal and legal interest in the subject matter of a decision whereby it has been injuriously affected. Huck v. Inland Wetlands Watercourses Agency, supra,203 Conn. 530.
The defendant argues that the Commission is not classically aggrieved because it does not have a specific personal and legal interest in the wetlands application in this case. Specifically, the defendant maintains that the decision at issue "does not involve matters arising in Middlebury" and "does not alter the powers or authority" of the Commission. (Emphasis added.) (Defendant's Memorandum, dated March 10, 1999, p. 10.) It is submitted that a matter involving wetlands need not "arise" in a municipality for that municipality's inland wetlands agency to have an interest in the matter, or jurisdiction if the regulated activity affects that municipality.
The plaintiff argues that the Commission is classically aggrieved because it is charged with regulating inland wetlands and watercourses in Middlebury pursuant to Chapter 440 of the General Statutes. (Plaintiffs' Memorandum, dated December 9, 1998, p. 22.) Further, General Statutes §§ 22a-42b[2] and 22a-42c[3] are a "legislative acknowledgment that a municipality whose boundary is within five hundred feet of an inland wetland or watercourse in an adjacent municipality has a specific interest" in the approval of a permit affecting a wetland or watercourse; (Plaintiffs' Memorandum, dated December 9, 1998, p. 22); and that such provisions would be meaningless if an adjoining municipality could not institute an action. CT Page 7908 (Plaintiffs' Memorandum, dated December 9, 1998, p. 24.) The plaintiff also avers that the Record in this case demonstrates that the municipality's interest will be affected by the decision such that it is classically aggrieved. (Plaintiffs' Memorandum, dated December 9, 1998, p. 23.)
The Janazzo property contains wetlands which border the Town of Middlebury. The drainage system will drain onto the Janazzo property. (Return of Record [ROR], Exh. D, Item 44.) The Land Trust Property abuts the Janazzo property. The plaintiff maintains that the Sperry Pond and the Sperry Pond Dam are located on the Land Trust property in Middlebury, which the plaintiff argues are within 90 feet of the affected wetlands. Clearly, the Commission is classically aggrieved because wetlands within its jurisdiction could be affected by the drainage system in this case. As the regulator of wetlands within its jurisdiction the Commission has a specific legal interest in this matter.[4]
II The Chairman and Members of the Commission
The defendant rebuts the assertion that the members of the commission are classically aggrieved. The standard for aggrievement was enunciated in Huck v. Inland Wetlands Watercourses Agency, supra, 203 Conn. 530.
The defendant relies on Munhall v. Inland WetlandsCommission, supra, 221 Conn. 46 (1992), for the proposition that commission members cannot be aggrieved because the interests of commission members, even when representing their general interests as residents and taxpayers, do not rise "to the level of the personal interest required to fall within the meaning of a `person aggrieved.'" (Defendant's Memorandum, dated March 10, 1999, p. 13, quoting Munhall v. Inland Wetlands Commission,221 Conn. 46, 53, 602 A.2d 566 (1992).) The defendant also contends that the chairman and commission members must demonstrate a direct interest as opposed to a common interest in the permit. (Defendant's Memorandum, dated March 10, 1999, p. lS.)
The plaintiff reiterates the proposition that the chairman and members of the commission are aggrieved by virtue of their duties as commissioners charged with the regulation of wetlands. (Plaintiffs' Memorandum, dated December 9, 1998, p. 22.)
It is he court's opinion that the chairman and members of the CT Page 7909 Commission in their individual capacities are not classically aggrieved. The defendant relies on Munhall v. Inland WetlandsCommission, supra, 221 Conn. 46, for its argument. However, Munhall can be distinguished from the present case because in that case the plaintiffs were dissenting members of the board that granted the extension of a previously granted permit, as opposed to members of a board of another municipality.
In Munhall, the court found that dissenting members did not have a specific personal and legal interest sufficient to amount to classical aggrievement stating, "[t]he [commission member] whose interest is merely that of a resident and taxpayer of the town . . . is not entitled to maintain an appeal as an aggrieved person." (Internal quotation marks omitted.) Id., 51. Members of a commission are not automatically aggrieved by decisions of that commission. "The individual members of the inland wetlands agency are not aggrieved persons with respect to a decision of the agency." R. Fuller, 9 Connecticut Practice Series, Land Use Law and Practice § 32.13, p. 559.
In the present case, the chairman and members of the Conservation Commission of Middlebury are challenging the action of another commission, located in another town. However, they are not classically aggrieved because they have failed to prove a specific legal interest in the decision by which they claim to have been injuriously affected other than their status as commissioners.
III The Inland Wetlands Enforcement Officer
The duties of an inland wetlands enforcement officer are analogous to the duties of a zoning enforcement officer. Local zoning enforcement officers are empowered under General Statutes § 8-12 to enforce local zoning laws, seek injunctive relief, and impose fines. Planning Zoning Commission v. Campanelli,9 Conn. App. 534, 536, 520 A.2d 242 (1987). Zoning enforcement officers may "take overt action in order to compel compliance with the zoning laws. The officers can act on their own initiative, and do not act merely in response to an appeal or request." Id., 537.
The defendant argues that the named plaintiff Inland Wetlands Enforcement Officer, Mr. DeRito, is not classically ggrieved because he is no longer the enforcement officer for the Town of Middlebury and therefore he cannot "sustain an interest during CT Page 7910 the pendency of this appeal." (Defendant's Memorandum, dated March 10, 1999, p. 16.) The defendant also argues that the inland wetlands enforcement officer cannot be aggrieved under Munhall v.Inland Wetlands Commission, supra, 221 Conn. 46; because the interests of the officer do not rise to the level of classical aggrievement. (Defendant's Memorandum, dated March 10, 1999, p. 16.)
The plaintiffs argue that the intended party plaintiff is the current inland wetlands enforcement officer. (Plaintiffs' Memorandum, dated December 9, 1998, pp. 5-6.) While the plaintiffs alleged in their brief the intention to file a motion to substitute the incumbent inland wetlands enforcement officer, such a motion has not been submitted. The named plaintiff inland wetlands enforcement officer, Mr. DeRito, does not currently hold that post. Therefore, it is clear that the motion to dismiss as to the inland wetlands enforcement officer should be granted.
IV The Middlebury Land Trust
The defendant contends that the Land Trust is not statutorily aggrieved. General Statutes § 22a-43 provides in pertinent part: "The commissioner or any person aggrieved . . . or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved . . . may . . . appeal . . ."
The defendant argues that the plaintiffs did not allege that the Land Trust owns property within a radius of ninety feet of the "culvert outfall and riprapped swale" which appears to be the drainage outfall point. (Defendant's Memorandum, dated March 10, 1999, p. 18.) However, whether the Land Trust owns property within ninety feet of the drainage outfall is not dispositive, as the statute specifically states that the plaintiff must allege that it owns or occupies land within ninety feet of "the wetland or watercourse involved." See General Statutes § 22a-43. The plaintiff Land Trust alleges that its property is within the specified radius of the wetlands into which the drainage under the revised plan will be introduced. (Appeal, ¶ 34; Plaintiffs' Memorandum, dated December 9, 1998, p. 12.) Further, the plaintiff alleges in its memorandum in opposition that the affected parcel of land abuts the Land Trust property. (Plaintiffs' Memorandum, dated December 9, 1998, p. 12.) The deed produced by the plaintiff Land Trust at the hearing on this motion demonstrates that the Land Trust property abuts the CT Page 7911 Janazzo property wherein it describes the parcel as "along land now or formerly of Maurice Janazzo . . ." (Plaintiffs' Exhibit B, No. 137836.) Consequently, the plaintiff Land Trust is statutorily aggrieved.
For the aforementioned reasons, the motion to dismiss is denied as to the Conservation Commission of the Town of Middlebury and as to the Middlebury Land Trust. The motion to dismiss is granted as to the chairman and members of the Conservation Commission of Middlebury and as to the inland wetland enforcement officer.
THOMAS G. WEST, J.