[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an action for the enforcement of the Town of Griswold Zoning Regulations instituted by the acting Zoning Enforcement Officer Mario Tristani against the defendant, Harvey Polinsky, alleging zoning regulations violations and requesting injunctive relief together with civil penalties and costs.
The defendant has filed a motion to dismiss pursuant to Connecticut Practice Book §§ 10-31a and 10-33 "for lack of subject matter jurisdiction."
The parties are both well represented by counsel and, after appropriate notice, appeared for hearing in this court on November 6, 2002 to provide oral argument supplementing the voluminous memoranda filed on behalf of each of the parties. The court, having reviewed the matter, considered the arguments and the law advanced on behalf of the respective positions, denies the motion to dismiss.
Essentially the defendant, in support of his motion, advances two separate arguments. First, that the § 7-148c (10) (A) of the General Statutes requires that there be a warning before the citation of the zoning enforcement officer. The short answer to that argument is that § 7-148c (10) (A) does not apply to the issuance of orders or the enforcement of zoning regulations which are controlled by Title 8 of the General Statutes. See Planning and Zoning Commission v. Campanelli,9 Conn. App. 534, 537 (1987).
The second argument advanced on behalf of the defendant's motion is that the zoning regulations of the Town of Griswold provide in § 17.1 that the zoning enforcement officer who has instituted this action has no authority to do so. The claim is that the language of the regulation suggesting that once an appeal has been made to the zoning board of CT Page 14279 appeals, that board has the same authority as the zoning enforcement officer and, therefore, even though not expressly provided, deprives that officer of the authority otherwise granted to institute this action. This court does not interpret § 17-1 of the regulations consistent with the defendant's claims. That section, 50 far as it is relevant to the defendant's claims, says that "the board may reverse or affirm, wholly or partly, or may modify the order, requirement or decision appealed from, and shall make such order, requirement or decision as in its opinion ought to be made in the premise, and shall have the powers of theofficer from whose order, requirement or decision the appeal was taken." (Emphasis added.) The plain meaning of that language requires no special interpretation. There is no suggestion there that the zoning board of appeals, after an appeal has been taken from an order, deprives the zoning enforcement officer of his authority with respect to the matter involved in the appeal. The plaintiffs argument, that the zoning board of appeals acts in a quasi-judicial capacity and not as an enforcement agency, is persuasive.
Section 8-12 of the Connecticut General Statutes gives this court jurisdiction over the matter.
For those reasons, the motion to dismiss is denied.
___________________ Robert C. Leuba Judge Trial Referee CT Page 14280